**Weil, Gotshal & Manges LLP**

1999 Avenue of the Stars
Suite 1800
Los Angeles, CA 90067
Phone: +1 213 667 5100
Fax: +1 213 667 5111

**VIA ECF**

**Adam Fee**
Phone: 213-667-5125
adam.fee@weil.com

October 26, 2026

Honorable Yvonne Gonzalez Rogers
United States District Judge
District of Northern California
1301 Clay Street
Oakland, CA 94612

Re: *United States v. Shafi*, No. 4:25-cr-00258-YGR (N.D. Cal.), evidentiary hearing regarding Shafi's Motion to Dismiss

Dear Judge Gonzalez Rogers:

As the Court considers the date of the evidentiary hearing on Shafi's Motion to Dismiss, we write to address two points related to the anticipated hearing. The first is the government's reading of *People v. Clark*, 5 Cal. 4th 950 (1993), which it cited at the October 5 oral argument for a narrow definition of "participation" under Rule 1.11. *See* Ex. A (Oct. 5, 2026 Hr'g Tr.) 22:8-13, 24:1-13. The second is a proposed schedule for producing documents and witness statements before the hearing.

*First*, the government has *Clark* backwards. It told the Court that *Clark* approved "administrative and logistical support . . . even for a recused attorney." Ex. A 13:16-19 (Mr. Mateer's description of *Clark*). But the order *Clark* approved said the opposite. It barred the recused lawyer from *any* communication about the case with the prosecutor. *Clark*, 5 Cal. 4th at 999.

*Clark* did not construe Rule 1.11. The rule took effect on November 1, 2018, twenty-five years after *Clark*, and the opinion never addresses what "participate" means. But the facts of *Clark* are the larger problem for the government and its discussion of that case at the October 5 argument before the Court.

In *Clark*, Susan Massini, the Mendocino County Public Defender, represented the defendant and then was elected district attorney. *Id.* at 996. The trial court recused the office she was about to lead and the Attorney General substituted in. *Id.* The court later modified the order. *Id.* at 999. It let the district attorney's office "provide clerical and logistical support to the Attorney General," and it let the Attorney General consult Deputy District Attorney Robert Hickok, who had prosecuted the case before the recusal. *Id.* The same order "specifically

*prohibited . . . any communication concerning the case* between Hickok and Massini." *Id.* (emphasis added). The California Supreme Court upheld the order because it "incorporated an ethical wall around Massini," who could not discuss the case with Hickok, and because nothing suggested she had breached it. *Id.* at 1000.

The "clerical and logistical support" *Clark* allowed came from *other* lawyers in the recused office, not from the conflicted lawyer. The one deputy allowed to consult with the prosecution could not speak with her about the case.

What *Clark* prohibited is what Attorney-1[1] did here. She wrote to the case team about this investigation three times, and for eight months she supervised AUSA-1, the lead prosecutor on the case. ECF 79, Exs. 6-8; ECF 79 at 15; ECF 80 ¶¶ 6-7. The government does not dispute that. Nor is the Office a recused office providing clerical support to a substitute prosecutor. It has not been recused at all. Two of its prosecutors are counsel of record and have handled every hearing to date.

Put simply, the government misread *Clark*. Read correctly, it supports a finding that Attorney-1 engaged in misconduct.

*Second*, we ask the Court to set a schedule for production of the following materials before the hearing (*see* ECF 93 at 27-28):

1. The February 2024 "walling off memo" and whatever transmitted it;

2. Communications between Attorney-1 and other prosecutors concerning the Shafi investigation;

3. Attorney-1's "case tracker" concerning this investigation, including metadata showing when it was updated or edited; and

4. The documents the government submitted to the Court *in camera* with its *ex parte* application (ECF 89), for the reasons previously stated in ECF 93.

*Brady* reaches both impeachment and exculpatory evidence. *Giglio v. United States*, 405 U.S. 150, 153-54 (1972); *Parker v. County of Riverside*, 78 F.4th 1109, 1112 (9th Cir. 2023) (quoting *Strickler v. Greene*, 527 U.S. 263, 280 (1999)). It applies to pretrial evidentiary hearings. *United States v. Barton*, 995 F.2d 931, 935 (9th Cir. 1993) ("*Brady* and its progeny must be applied to a suppression hearing involving a challenge to the truthfulness of allegations in an affidavit for a search warrant"); *United States v. Gamez-Orduno*, 235 F.3d 453, 461-62 (9th Cir. 2000) (due process violated where the government withheld an interview report that contradicted the factual representations it made at a suppression hearing). Before trial, the test is whether the evidence "helps bolster the defense case or impeach the prosecutor's witnesses." *United States v. Cloud*, 102 F.4th 968, 979 (9th Cir. 2024) (quoting *United States v. Price*, 566

---

[1] This letter uses the same identifiers as used in the briefing on Shafi's Motion to Dismiss the Indictment (ECF 64).

F.3d 900, 913 n.14 (9th Cir. 2009)). The government agrees that evidence is helpful when it "undermines a factual assertion of the government." ECF 89 at 5.

The government has told the Court, in specific terms, how this case was handled. It has said Attorney-1's communications with the case team were not substantive, that a screening memo was delivered on February 22, 2024, that supervision of the case moved to the Fraud Section, and that the Office took reasonable remedial measures. ECF 79 at 12, 15-17; ECF 80 ¶¶ 7-9; Ex. A 25:24-26:6, 37:1-3, 42:22-24. It has said that there "is no ethical violation" and that "[a]t every step the Office has acted in accordance with its ethical duties[.]" ECF 79 at 19. Whatever in the government's files undercuts those representations is *Brady* and *Giglio* material and must be produced. So is anything that undercuts what Attorney-1 or any other witness says at the hearing.

In *United States v. Marshank*, a court in this District ordered the same kind of production for the same kind of hearing. It held an evidentiary hearing on a motion to dismiss based on the government's use of the defendant's own lawyer against him, and it ordered the government to produce "internal agency memoranda" and the agents' notes of their meetings and calls with that lawyer. 777 F. Supp. 1507, 1511-12 (N.D. Cal. 1991). The records requested here serve the same purpose.

Disclosure must come "at a time when disclosure would be of value to the accused." *Gamez-Orduno*, 235 F.3d at 461 (quoting *United States v. Span*, 970 F.2d 573, 583 (9th Cir. 1992)). Here that means before the hearing, so that the examinations are focused and the hearing is not interrupted. We ask that the Court direct the government to produce these materials within ten days.

Sincerely,

*<u>/s/ A. Fee</u>*
Adam Fee
Weil, Gotshal & Manges LLP